IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN CHASE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-1052-GBW |
| ) | |
| WARDEN EMIG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

DeShawn Chase, James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro Se* Plaintiff

May 28, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On November 19, 2024, Plaintiff DeShawn Chase, an inmate at James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, initiated this civil action *pro se*, alleging civil rights violations, pursuant to 42 U.S.C. § 1983, by Defendants Warden Emig, Deputy Warden Beck, Sgt. Burtell, Corp. Rebekah T. Beeson, Sgt. Lingenfelter, Staff Lt. Nathan Atherholt, Katrina Burley, Captain Sennette, Major Dotson, Captain Coviello, DOC Commissioner T. Taylor, Deputy Commissioner Robert May, Andrew Perucili, and John Goldman. (D.I. 1.) Plaintiff was granted leave to proceed *in forma pauperis*. (D.I. 8.) Pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A, the Court dismissed the Complaint for failure to state a claim and granted Plaintiff leave to amend. (D.I. 10.) The Court now reviews and screens the Amended Complaint. (D.I. 11.)

## II. BACKGROUND

On April 1, 2024, at JTVCC, a shakedown team came to Plaintiff's housing unit and located what was suspected to be a controlled substance in the communal bathroom. (D.I. 11 at 5.) An unidentified sergeant found shower shoes and a white sheet in the bathroom, and inside the sheet, the sergeant found a small object that appeared to be paper wrapped in plastic. (*Id.*) The sergeant took the object to Defendants Burtell and Lingenfelter to be tested, and a presumptive test produced a

positive result for a synthetic cannabinoid. (*Id.*) Video review of Plaintiff's housing unit allegedly showed Plaintiff carrying the sheet and shower shoes that were found in the bathroom during the shakedown. (*Id.*) On this basis, Plaintiff was accused of possessing contraband, and he was written up for felony substance abuse and promoting prison contraband. (*Id.*)

At a disciplinary hearing, Plaintiff pled not guilty. (*Id.* at 6.) Plaintiff stated at the hearing that the substance was not his and he asked for further review of surveillance footage because all inmates carry sheets and shower shoes to the bathroom. (*Id.*) Nevertheless, Plaintiff was found guilty on all counts, he was moved to higher security for seven months, and he received sanctions in the form of ten days of confinement, forty-five days of lost privileges, and thirty days of lost good-conduct time credit. (*Id.*) Plaintiff appealed, but the appeal was denied. (*Id.*)

Plaintiff posits that, by relying upon a presumptive drug test—which could have produced a false positive and was never confirmed by laboratory testing—during his disciplinary proceeding, prison officials violated Plaintiff's Fourteenth Amendment due process and equal protection rights, and potentially other constitutional rights. (*Id.* at 6-7.) Plaintiff faults Defendants Emig and Beck for the JTVCC custom or policy of relying on presumptive drug tests in disciplinary proceedings. (*Id.* at 7.) Plaintiff faults unspecified prison administrators for failing to ensure that prison officials were properly trained in using presumptive drug tests.

(*Id.*) Additionally, Plaintiff faults Defendant Coviello, the hearing officer who oversaw Plaintiff's disciplinary hearing, and Defendant Goldman, who investigated the matter. (*Id.*)

Based on the foregoing, Plaintiff seeks $70,000 in money damages, and injunctive relief, to include, restoring Plaintiff's good time credit, vacating his disciplinary write-up, reviewing video evidence in Plaintiff's case, accredited laboratory testing of the presumptive positive substance in Plaintiff's case, requiring additional training for prison officials on use of drug test kits, prohibiting future disciplinary action based on presumptive drug tests, and guaranteeing that all evidence used in the disciplinary process is properly established and "subject to adequate challenge." (*Id.* at 11.)

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because

Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume

4

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

First, Defendants Beeson, Atherholt, Burley, Sennette, Dotson, Taylor, May, and Perucili must be terminated as parties to this action because the Amended Complaint does not include any allegations involving them specifically. A "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). In a § 1983 suit, "liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Short of showing that Defendant Beeson, Atherholt, Burley, Sennette, Dotson, Taylor, May, or Perucili participated in, gave approval for, or was otherwise personally involved in the events alleged, amendment is futile.

Next, the Amended Complaint asserts that Defendants Emig, Beck, Burtell, Lingenfelter, Coviello, and Goldman violated Plaintiff's constitutional rights by way of their involvement in disciplinary action taken against Plaintiff based on a presumptive positive drug test, or field test. According to the Amended Complaint, Defendant Goldman conducted the investigation that determined Plaintiff had possessed the object found during the shakedown that was suspected of being a controlled substance. Defendants Burtell and Lingenfelter field tested the object, which produced a presumptive positive result for synthetic cannabinoid. Defendant Coviello determined that Plaintiff should be disciplined based on the presumptive positive drug test during Plaintiff's disciplinary hearing. Last, Defendants Emig and Beck were responsible for the JTVCC custom or policy that permitted Plaintiff to be disciplined based on a presumptive positive drug test, without laboratory verification.

Like the Complaint, the Amended Complaint fails to state either procedural or substantive due process claims arising from the foregoing. As previously discussed, procedurally, loss of good time credit in a prison disciplinary proceeding entitles an inmate to safeguards set forth in *Wolff v. McDonnell*. (*See* D.I. 10 at 2-3 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974).) Substantively, "some evidence" in the proceeding must support the disciplinary determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1983). Yet the Amended Complaint neither

6

alleges an absence of procedural safeguards required by *Wolff*, nor that the disciplinary determination was supported by no evidence in Plaintiff's case. Defendant Coviello's conclusion was admittedly supported by observations and findings during a shakedown, a review of preceding surveillance footage, and a presumptive positive test. (*See* D.I. 11.) It is not appropriate for this Court to now reweigh or otherwise reevaluate the evidence. *See Hill*, 472 U.S. at 455-56. "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board," and here, there is, even if Plaintiff contests its reliability. *Id.* (emphasis added).

To the extent that the Amended Complaint asserts a new due process claim, based on a JTVCC custom or policy permitting disciplinary action based on field tests without laboratory verification, a recent Third Circuit opinion appears instructive. In considering whether denial of a request for secondary laboratory testing of a substance laden paper violated an inmate's due process rights and prevented him from presenting evidence in his defense during a disciplinary hearing, the Third Circuit affirmed no violation of due process. *See Goodloe v. Warden Lewisburg USP*, 2025 WL 342189, at *2 (3d Cir. Jan. 30, 2025). "[W]hile *Wolff* may entitle [an inmate] to present documentary evidence in his defense, it does not require the BOP to pay for testing or otherwise conduct an investigation on [his] behalf." *Id.*; *cf. Jacquet v. Warden Fort Dix FCI*, 707 F. App'x 124, 128

7

(3d Cir. 2017) (vacating denial of due process claim and remanding where BOP denied inmate's request to obtain laboratory testing at inmate's own expense). In light of the foregoing, the Amended Complaint fails to state a due process claim. Since the Court previously afforded Plaintiff the opportunity to cure deficiencies with his due process claim, and the claim remains deficient, the Court finds further amendment futile.

The Amended Complaint also attempts to assert an equal protection claim arising from Plaintiff's disciplinary proceeding. To state an equal protection claim, Plaintiff must allege that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). Yet the Amended Complaint does not allege that Defendants treated Plaintiff differently from other inmates. To the contrary, the Amended Complaint alleges that is it a facility-wide custom or policy to treat inmates as Plaintiff was treated, when it comes to the use of presumptive positive drug tests in disciplinary proceedings. As such, the Amended Complaint fails to state an equal protection claim, and amendment appears futile.

Finally, the Amended Complaint mentions a possible Eighth Amendment claim. (*See* D.I. 11 at 5.) To the extent that a loss of good time credit can constitute an Eighth Amendment violation, Plaintiff's punishment was not excessive in relation

8

to the underlying act for which he was sanctioned. *See Rummel v. Estelle*, 445 U.S. 263, 271 (1980). Introduction or possession of any narcotic, intoxicant, or related paraphernalia, is classified as a "greatest severity level" prohibited act, pursuant to 28 C.F.R. § 541.3. Available sanctions include the forfeiture of up to 100% of non-vested good time and the disallowance of between 50% and 75% of good time credit available for the year (27 to 41 days). *See* 28 C.F.R. § 541.3 (Table 1). According to the Amended Complaint, Plaintiff lost thirty days of good time credit, which was within the applicable range permitted by regulation based on the severity of the underlying prohibited act. As such, the punishment was not excessive, the Amended Complaint fails to state any Eighth Amendment claim, and amendment is futile.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (D.I. 11.) Dismissal will be with prejudice, as further amendment appears futile, and this case will be closed.

An appropriate Order will be entered.